UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In Re:

        Case No. 24-22284 (DSJ)

ACORDA THERAPEUTICS, INC. *et al.*,      (Jointly Administered)

           Debtor.      Chapter 11
-------------------------------------------------------------X
Alexandre Zyngier, Liquidation Trustee of the
Acorda Therapeutics Liquidation Trust,      Adv. Pro. No. 26-07020 (DSJ)

        Plaintiff,

    - against –           **ANSWER**

Burkhard Blank, MD,

        Defendant.
-------------------------------------------------------------X


      Defendant, Burkhard Blank, MD, ("Defendant") by its attorney, Dan Shaked, Esq.,

a member of Shaked Law Group, P.C., submits the following, upon information and belief, as and

for an Answer to Plaintiff's Complaint:

<u>NATURE OF THE CASE</u>

      1. Denies the allegation set forth in paragraph 1 of the Complaint in that the

allegation calls for a legal conclusion to which no response is necessary.

      2. Denies the allegation set forth in paragraph 2 of the Complaint in that the

allegation calls for a legal conclusion to which no response is necessary.

<u>JURISDICTION AND VENUE</u>

      3. Admits the allegation set forth in paragraph 3 of the Complaint.

      4. Admits that the proceedings to determine, avoid or recover transfers pursuant to

1

§§547 and 550 of the Bankruptcy Code are core proceedings pursuant to 28 U.S.C. §157(b)(2). To the extent that this proceeding is determined to be non-core, Defendant does not consent to the entry of judgment by the Bankruptcy Court.

5. Defendant submits that no response is required to the allegations contained in paragraph 5. By way of further response and pursuant to Federal Rule of Bankruptcy Procedure 7008 and Rule 9033-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, the Defendant consents to the entry of final orders or judgment by this Court if it is determined that consent of the parties is required by this Court to enter final orders or judgment consistent with Article III of the United States Constitution.

6. Denies the allegation set forth in paragraph 6 of the Complaint in that the allegation calls for a legal conclusion to which no response is necessary.

<u>BASIS FOR RELIEF REQUESTED</u>

7. Denies the allegation set forth in paragraph 7 of the Complaint in that the allegation calls for a legal conclusion to which no response is necessary

<u>PROCEDURAL BACKGROUND</u>

8. Admits the allegation set forth in paragraph 8 of the Complaint.

9. Admits the allegation set forth in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

<u>THE PARTIES</u>

17. Admits the allegation set forth in paragraph 17 of the Complaint.

18. Admits the allegations set forth in paragraph 18 of the Complaint.

19. Denies the allegation set forth in paragraph 19 of the Complaint in that the allegation calls for a legal conclusion to which no response is necessary.

<u>FACTUAL BACKGROUND</u>

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Admits the allegations set forth in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Defendant submits that no response is required to the allegations contained in paragraph 25. To the extent a response is required, the allegations in paragraph 25 are denied.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28. The allegations set forth in paragraph 28 constitute a conclusion of law to which no response is required. To the extent a response is required, the allegations set forth in paragraph 28 are denied.

29. The allegations set forth in paragraph 29 constitute a conclusion of law to which no response is required. To the extent a response is required, the allegations set forth in paragraph 29 are denied.

30. The allegations set forth in paragraph 30 constitute a conclusion of law to which no response is required. To the extent a response is required, the allegations set forth in paragraph 30 are denied.

<u>AS AND FOR AN ANSWER TO FIRST CLAIM FOR RELIEF</u>

31. Defendant repeats the defenses set forth in paragraphs 1 through 30 of this Answer as if fully set forth herein.

32. Denies the allegations set forth in paragraph 32 of the Complaint.

33. Denies the allegations set forth in paragraph 33 of the Complaint.

34. Denies the allegations set forth in paragraph 34 of the Complaint.

35. The allegations set forth in paragraph 35 constitute a conclusion of law to which no response is required. To the extent a response is required, the allegations set forth in paragraph 35 are denied.

36. The allegations set forth in paragraph 36 constitute a conclusion of law to which no response is required. To the extent a response is required, the allegations set forth in paragraph 36 are denied.

37. The allegations set forth in paragraph 37 constitute a conclusion of law to which no response is required. To the extent a response is required, the allegations set forth in paragraph 37 are denied.

38. Denies the allegations set forth in paragraph 38 of the Complaint.

39. Denies the allegations set forth in paragraph 39 of the Complaint.

40. Denies the allegation set forth in paragraph 40 of the Complaint in that the allegation calls for a legal conclusion to which no response is necessary. Notwithstanding the above, Defendant denies the allegations in Paragraph 40 of the Complaint

AS AND FOR AN ANSWER TO SECOND CLAIM FOR RELIEF

41. Defendant repeats the defenses set forth in paragraphs 1 through 40 of this Answer as if fully set forth herein.

42. Denies the allegations set forth in paragraph 42 of the Complaint.

43. Denies the allegation set forth in paragraph 43 of the Complaint in that the allegation calls for a legal conclusion to which no response is necessary. Notwithstanding the above, Defendant denies the allegations in Paragraph 43 of the Complaint.

AS AND FOR AN ANSWER TO THIRD CLAIM FOR RELIEF

44. Defendant repeats the defenses set forth in paragraphs 1 through 43 of this Answer as if fully set forth herein.

45. Denies the allegations set forth in paragraph 45 of the Complaint.

46. Denies the allegations set forth in paragraph 46 of the Complaint.

47. Denies the allegation set forth in paragraph 47 of the Complaint in that the allegation calls for a legal conclusion to which no response is necessary.  Notwithstanding the above, Defendant denies the allegations in Paragraph 47 of the Complaint.

<u>AS AND FOR AN ANSWER TO FOURTH CLAIM FOR RELIEF</u>

48. Defendant repeats the defenses set forth in paragraphs 1 through 47 of this Answer as if fully set forth herein.

49. Denies the allegations set forth in paragraph 49 of the Complaint.

50. Denies the allegations set forth in paragraph 50 of the Complaint.

51. Denies the allegation set forth in paragraph 51 of the Complaint in that the allegation calls for a legal conclusion to which no response is necessary.  Notwithstanding the above, Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Denies the allegation set forth in paragraph 52 of the Complaint in that the allegation calls for a legal conclusion to which no response is necessary.  Notwithstanding the above, Defendant denies the allegations in Paragraph 52 of the Complaint.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

53. The Complaint fails to state a cause of action upon which relief may be granted.

<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>

54. Any payments made by the Debtor to Defendant were in payment of debts incurred in the ordinary course of business or financial affairs of the Debtor and Defendant.

55. Such payments were made in the ordinary course of the business or financial affairs of the Debtor and the Defendant.

56. Such payments were made according to ordinary business terms.

<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>

56. The alleged preferential transfer from the Debtor to the Defendant was intended by the Debtor and the Defendant to be a contemporaneous exchange for new value given to the Debtor and in fact the exchange was substantially contemporaneous.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

57. Recovery under the claims set forth in the Complaint is barred by the doctrine of setoff.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58. Recovery under the claims set forth in the Complaint is barred by the statute of limitations and 11 U.S.C. §546(a).

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

59. After the alleged transfer from the Debtor to the Defendant, Defendant gave new value to or for the benefit of the Debtor which was (a) not secured by an otherwise unavoidable security interest and (b) on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

60. Any transfers from Plaintiff to Defendant were transfers of trust funds held by Plaintiff in trust for Defendant and therefore, were not property of the Debtors' estate.

AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

61. The Complaint fails to state with specificity which affiliate of the Plaintiff made the transfers to the defendant and when that specific transferor filed its voluntary petition for relief. Therefore, the Complaint must be dismissed.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE

62. Any transfers from Plaintiff to Defendant was received for value and in good faith.

WHEREFORE, Defendant, Burkhard Blank, MD, respectfully prays that this Court dismiss the adversary proceeding in its entirety and for such other and further relief as to this Court seems just and proper.

Dated: Scarsdale, New York
June 1, 2026

SHAKED LAW GROUP, P.C.

By: */s/Dan Shaked*
Dan Shaked, Esq.
14 Harwood Court, Suite 415
Scarsdale, NY 10583
Tel. (917) 373-9128
ShakedLawGroup@gmail.com
Attorneys for Defendant